```
                                    FILED
                            CLERK, U.S. DISTRICT COURT

                                  FEB - 5 2025

                            CENTRAL DISTRICT OF CALIFORNIA
                            BY: ____rsm____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:25-CR-00085-MRA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Access with Intent to View Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |
| BENJAMIN DRAKE KATZ, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about June 2, 2024, in Ventura County, within the Central District of California, and elsewhere, defendant BENJAMIN DRAKE KATZ accessed a cellular phone with IMEI Numbers 354629610294926 and 353612720294920 with intent to view at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), at least one of which involved a prepubescent minor who had not attained 12 years of age, that had been mailed and shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign

commerce by any means, including the Internet, knowing that the images were child pornography.

|     |     |
| --- | --- |
| 1   | COUNT TWO |
| 2   | [18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)] |

On or about June 15, 2024, in Ventura County, within the Central District of California, and elsewhere, defendant BENJAMIN DRAKE KATZ accessed a cellular phone with IMEI Numbers 356566690770425 and 353677430770428 with intent to view at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), at least one of which involved a prepubescent minor who had not attained 12 years of age, that had been mailed and shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including the Internet, knowing that the images were child pornography.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offense set forth in any of Counts One through Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

   (a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

   (b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from any such offense;

   (c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

   (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDRA SLOAN KELLY
Assistant United States Attorney
General Crimes Section